314

THE PEOPLE, Plaintiff and Respondent, v. KATHRYN P. AHMAD, Defendant and Appellant.

Sea & Hanna and Donald M. Sea for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Derald E. Granberg, Henry B. Lasky, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—A jury convicted appellant of grand theft, and she appeals.

Appellant held the position of payroll clerk for a firm known as Statewide Convalescent Hospitals. As part of her duties she maintained payroll cards, prepared pay checks and for-

warded such checks to her superiors for execution, after which the checks were returned to appellant for distribution. Appellant was absent from her employment for a short period of time, and in her absence a Mrs. Gustaveson served as payroll clerk. Mrs. Gustaveson discovered certain payroll cards with the name ''Corrales'' on them. These cards revealed that for a particular pay period, the payee ''Corrales'' worked for five different hospitals and was paid for such employment. It was established that there was no such person as ''Corrales'' employed by Statewide Convalescent Hospitals, but that checks had been issued in her name, endorsed and cashed. Upon inquiry by her employer, appellant stated that she knew no one by the name of ''Corrales.''

A police investigation was commenced. Inspector Busse of the Oakland police called upon appellant at her place of employment. He discussed with her the subject of checks made out to ''K. Corrales.'' Appellant again denied she knew anyone by that name.

Inspector Busse then took appellant to the Oakland Police Department for further questioning. During interrogation at the police department, appellant gave oral answers to questions propounded by the officer. The answers given were essentially an oral confession of the charged offense. A short time later, at the request of Inspector Busse, appellant again answered the officer's questions so that both questions and answers could be recorded on a tape. Still later, but on the same day, Inspector Busse again interrogated appellant. Appellant responded to questions asked by the officer, and the officer wrote down in narrative form the substance of appellant's responses. When this writing was complete it was read to appellant and she signed it. There was evidence that all statements made by appellant were free and voluntary and not the result of any promises or threats on the part of anyone. The tape recording of appellant's oral responses to the questions of the officer, and the written statement signed by her, may each be described as a full and complete confession. At trial, the tape recording of appellant's oral confession was heard by the jury and a typewritten transcription was received in evidence. Appellant's written confession, signed by her, was also received in evidence.

Appellant made no request for counsel before she recorded her taped confession, nor did she request counsel before signing her written confession. Inspector Busse did not at any

time inform appellant of her right to have counsel or of her right to remain silent.

At the time this appeal was briefed, our Supreme Court had not yet announced its decision in *People* v. *Dorado*. The *Dorado* decision had been filed, however, before the oral argument of this appeal, although a petition for rehearing was then pending. We questioned counsel concerning possible application of the principles of *Dorado* to the facts of this case and received the benefit of their discussion. Since argument herein, the Supreme Court granted a rehearing and has redecided *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. The rules of law originally stated by the court in that case were reaffirmed. We must apply them here.

■ When Inspector Busse first went to the office of Statewide Convalescent Hospitals to interview appellant he was investigating what appeared to be a criminal offense. At that time he had no special reason to believe that appellant had committed any criminal act. His interrogation of appellant was therefore entirely proper. Later, however, it is clear that suspicion had begun to fall upon appellant, and she became the focus of the investigation. She was taken from her place of employment to the police department for further questioning. Oakland police procedure is first to interrogate the suspect. If significant statements are elicited, they are repeated for tape recording. Here, at the police department, appellant made an oral confession. She was later asked to repeat that confession so that it might be recorded. She did so. It is clear that when appellant was asked to repeat her confession so that it might be recorded, the investigative stage of the inquiry had passed. After the tape recording had been made, appellant was asked by Inspector Busse to sign the written statement, which as we have noted, was a full and complete confession of the offense charged herein.

It is apparent that the facts of this case fall squarely within the rule of *People* v. *Dorado*. Here, as in *Dorado*, at the time appellant's oral confession was taped, and at the time her written confession was signed, the investigative stage of police inquiry had passed, and appellant had become the focus of police attention. The purpose of the questioning which resulted in the taped statement was to obtain a recording of appellant's oral confession. The purpose of the questioning, which led to appellant's signed confession, was to elicit answers which would demonstrate appellant's guilt. Appellant was not informed of her right to counsel, nor of her "absolute

right to remain silent.'' She made no request at any time for the assistance of counsel. All of these elements were present in *Dorado*. As they there operated to render Dorado's confession inadmissible as evidence, so they must here operate with like effect on appellant's confession. Reversal of the judgment is compelled.

In view of our conclusion that the judgment must be reversed for the reasons stated, we deem it unnecessary to discuss the various assignments of error raised in appellant's brief. The points raised are not likely to recur in the same manner in the event of retrial. ▮ Appellant's assertion that Penal Code section 487 subdivision 1 is unconstitutional is fully disposed of by the holding in *People* v. *Finston*, 214 Cal.App.2d 54 [29 Cal.Rptr. 165].

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied March 9, 1965, and respondent's petition for a hearing by the Supreme Court was denied April 14, 1965. Mosk, J., did not participate therein. McComb, J., and Burke, J., were of the opinion that the petition should be granted.